IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ANTHONY GLOVER,        )<br>          Petitioner,        )<br>                                            )<br>     vs.                              )<br>                                            )<br>JAMES T. WANDER, et al.,   )<br>          Respondents.    ) | Civil Action No. 06-1688 |

MEMORANDUM ORDER

On December 21, 2006, petitioner Todd Anthony Glover (the "petitioner"), filed a petition for a writ of habeas corpus (Docket No. 1). On March 29, 2007, United States Magistrate Judge Robert C. Mitchell filed a Report and Recommendation ("R&R") (Docket No. 9), recommending that the petition for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable constitutional claim. Service of the Report and Recommendation ("R&R") was made on the parties, and the petitioner, after having been granted an extension of time, filed objections (Docket No. 12) on May 16, 2007.

In his objections, petitioner contends that the court should compel the Commonwealth of Pennsylvania to supply pages that are missing from the suppression hearing ("SH") transcript and conduct a plenary review of the state court record; that the magistrate judge erred in the R&R by concluding that any further argument which petitioner makes regarding the totality of the circumstances of his confession is based on state law and not cognizable here; and that the magistrate judge erred in the R&R in not reaching the merits of his second ground for relief by concluding it was a matter of state law and the court should instead liberally construe the second ground for relief as a violation of his Sixth Amendment right to effective assistance of counsel.

With respect to the first objection, as noted by the magistrate judge in the R&R, although certain pages are missing from the transcript, the relevant portions of petitioner's testimony are contained in the pages that are present.  Petitioner testified that: he represented to the police that he was over 18 years old (SH 13, 17, 25); he did not wish to speak to the police (SH 52-53); an officer smacked him once (SH 54, 60); as a result of the assault, he made a statement but that statement was not truthful (SH 55, 58); he had been informed of his rights (SH 56); and he did possess the gun and narcotics when arrested (SH 58).  The R&R concluded that these pages were sufficient to address petitioner's arguments that his confession should have been suppressed because he was 17 years old at the time of his confession, neither his mother nor an attorney was present, there was unnecessary delay between his arrest and arraignment and his statement was not voluntary.  (R&R at 8-9.)

In addition, the issue in resolving a habeas corpus petition is whether the state court's adjudication resulted in a decision that was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  In this case, the Pennsylvania Superior Court concluded that: 1) petitioner misrepresented that he was over 18 years of age and he should not be permitted "to reap a windfall from [his] own falsification" (Superior Ct. Op. June 10, 1989 at 4);[1] 2) a juvenile's confession without an adult present will not automatically be suppressed, but rather the totality of the circumstances must be considered, and in this case the circumstances demonstrated that the petitioner "was aware of his rights, knowingly waived them on multiple occasions, and voluntarily confessed to the murder" (id.); 3) the argument about his confession being given

---

[1]Docket No. 8 Ex. 11.

2

more than six hours after his arrest had no application because it occurred after his arraignment; and 4) petitioner "was given Miranda warnings on several occasions, he read and signed two interrogation forms advising him of these rights" and therefore "the record plainly supports a finding [that] the confession was entirely voluntary" (id. at 5).

With respect to the second objection, as recently observed by the Court of Appeals for the Seventh Circuit, a federal habeas court should look to state law to determine whether an individual is a juvenile and the Supreme Court has never held that 17-year olds must be considered juveniles. Bridges v. Chambers, 447 F.3d 994, 998 (7th Cir.), cert. denied, 127 S.Ct. 408 (2006). In this case the superior court concluded that petitioner, who represented that he was over 18 years of age when he actually was not,[2] gave a confession that was voluntary under the totality of the circumstances. This decision was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

With respect to petitioner's third objection, the R&R did treat his claim as one of counsel's ineffectiveness and reached the merits of that claim. Specifically, the R&R concluded that appellate counsel was not ineffective for failing to raise trial counsel's ineffectiveness for failing to raise an objection to the trial court's failure to give adequate reasons for sentencing petitioner outside the sentencing guidelines. The underlying claim, that petitioner was sentenced outside the sentencing guidelines but within the statutory range, is a state law issue. See Burden

---

[2] Pennsylvania law does not require automatic suppression of a juvenile's confession without an adult present. See In re Pack, 616 A.2d 1006, 1011 (Pa. Super. Ct. 1992) (held 16-year-old's confession voluntary despite his mother not being present during the questioning; the mother was telephoned and spoke with her son but due to illness did not attend the interrogation).

v. Filion, 421 F.Supp.2d 581, 588 (W.D. N.Y. 2006) ("A challenge to the term of a sentence does not preset a cognizable constitutional issue if the sentence falls within the statutory range."). The superior court concluded that, under Pennsylvania law, the trial court adequately explained on the record the reason for imposing a sentence apparently beyond that set forth in the sentencing guidelines, specifically that past efforts to rehabilitate petitioner had failed and that it had weighed the considerations of petitioner's character along with other factors as presented in the pre-sentence report. Moreover, because the sentencing guidelines were advisory only, even if petitioner had demonstrated that counsel was ineffective for failing to raise an issue concerning the trial court's deviation from the sentencing guidelines, he failed to demonstrate that he was actually prejudiced because the court still could have imposed the sentence he received. (Superior Ct. Op. June 6, 2006 at 7-10.)[3]

Under federal habeas corpus jurisprudence, so long as an imposed sentence is within the state statutory sentencing range, it will not provide a basis for federal habeas corpus relief. Burden v. Filion, 421 F. Supp. 2d 581, 588 (W.D.N.Y. 2006). Petitioner was sentenced to 15 to 40 years for murder of the third degree, a felony of the first degree, 18 PA. CONS. STAT. § 2502(c), for which the maximum possible sentence is 40 years. 18 PA. CONS. STAT. § 1102(d). Counsel cannot be deemed ineffective for failing to raise a meritless claim. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999). Thus, the magistrate judge in the R&R correctly concluded that petitioner's claim did not raise a cognizable federal habeas corpus issue.

Finally, it is noted that in petitioner's submissions, he contends that he was denied the right to file a memorandum of law, which he claims should have been required pursuant to the

---

[3]Docket No. 8 Ex. 22.

Local Rules of the United States District Court for the Western District of Pennsylvania ("W.D.PA.LR ") 9.4(c). That rule, however, is inapplicable, because it applies to "Petitions Under 28 U.S.C. § 2254 and Motions to Vacate Sentence Under 28 U.S.C. § 2255 in Death Penalty Cases." Petitioner was not sentenced to death and therefore W.D.PA.LR 9.4 does not apply.

AND NOW, this 8th day of June, 2007,

IT IS ORDERED that the petition for a writ of habeas corpus filed by petitioner (Docket No. 1) is dismissed and a certificate of appealability is denied for lack of a viable constitutional claim.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

Magistrate Judge Mitchell's Report and Recommendation dated March 29, 2007 (Docket No. 9) is adopted as the opinion of the Court, as supplemented by the instant Memorandum Order.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   Todd Anthony Glover
      DD-7342
      SCI Dallas
      1000 Follies Road
      Dallas, PA 18612